

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RODERICK SAWYER,                     )
                                     )
              Plaintiff,             )          3: 10-cv-00088-ECR-RAM
                                     )
vs.                                  )
                                     )          **ORDER**
MORROW COLE, *et al*,                )
                                     )
              Defendants.            )
_____/

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). The Court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

1  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

2  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

3  (2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*

4  *Atkins*, 487 U.S. 42, 48 (1988).

5  In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

6  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

7  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

8  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28

9  U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be

10  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same

11  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

12  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

13  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

14  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

15  F.3d. 1103, 1106 (9th Cir. 1995).

16  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

17  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

18  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

19  that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

20  making this determination, the Court takes as true all allegations of material fact stated in the

21  complaint, and the Court construes them in the light most favorable to the plaintiff.  *See Warshaw v.*

22  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are held to less

23  stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9

24  (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule

25  12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels

26  and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic

2

1  recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S.
2  265, 286 (1986).

3      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
4  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
5  conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims
6  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
7  factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,
8  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

9  **II.     Screening of the Complaint**

10     In the three counts set forth in his complaint, plaintiff claims that during an extended period
11  dating from at least May 2009 through December 2009, he was exposed to extremely unsanitary
12  conditions in his cell stemming from a toilet that would flush only once every thirty minutes. He
13  claims that despite repeated requests, he was denied cleaning supplies to use to clean his cell. He
14  alleges that the unsanitary conditions resulted in the growth of mold, bacteria, and fungus in his cell,
15  which in turn caused plaintiff to develop a respiratory illness. This illness caused, among other
16  things, vomiting, disorientation, dizziness, shortness of breath and body aches.

17     To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
18  conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452
19  U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must
20  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.;*
21  *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246
22  (9th Cir. 1982). Plaintiff has stated a colorable claim under the Eighth Amendment based on
23  conditions of confinement.

24  ///
25  ///
26

3

1

2  **IT IS THEREFORE ORDERED** the Clerk of the Court shall **FILE** the complaint. (Docket

3  #1-1.)

4  **IT IS FURTHER ORDERED** as follows:

5  1. The Clerk **shall electronically serve a copy of this order, including the attached Notice**

6  **of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint (docket**

7  **#1-1), on the Office of the Attorney General of the State of Nevada, to the attention of Pamela**

8  **Sharp**.

9  2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the

10  date of entry of this order whether it can accept service of process for the named defendants. As to

11  any of the named defendants for which the Attorney General's Office cannot accept service, the

12  Office shall file, *under seal*, the last known address(es) of those defendant(s).

13  3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a

14  motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a

15  full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the

16  Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120)

17  days of the date the complaint was filed.

18  4. If the Attorney General accepts service of process for any named defendant(s), such

19  defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30)**

20  **days** following the date of the early inmate mediation.  If the court declines to mediate this case, an

21  answer or other response shall be due within **thirty (30) days** following the order declining

22  mediation.

23  5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent

24  to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

25  ///

26  ///

4

1    **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants or, if an
2    appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or
3    other document submitted for consideration by the court.  Plaintiff shall include with the original
4    paper submitted for filing a certificate stating the date that a true and correct copy of the document
5    was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
6    appearance, the plaintiff shall direct service to the individual attorney named in the notice of
7    appearance, at the address stated therein.  The Court may disregard any paper received by a district
8    judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
9    district judge, magistrate judge or the Clerk which fails to include a certificate showing proper
10   service.
11   DATED:  October 4, 2010.

<br>

_____
UNITED STATES MAGISTRATE JUDGE

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1

Name

2

Prison Number (if applicable)

3

Address

4

5

6                     UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8
_____,  )   Case No. _____
9                            )
              Plaintiff,     )
10  v.                        )   **NOTICE OF INTENT TO**
                             )   **PROCEED WITH MEDIATION**
11  _____    )
                             )
12  _____    )
              Defendants.     )
13  _____   )

14      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by

15  which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

16

17  1.    Do you wish to proceed to early mediation in this case? _____ Yes  _____ No

18  2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

19      _____

20      _____

21      _____

22  3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

23
24      _____
25      _____
26      _____

4.    List any and all cases, including the case number, that are currently pending or any pending

6

grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.   Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

   **This form shall be filed with the Clerk of the Court on or before twenty  (20) days from the date of entry of this order.**

   Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

   Dated this ____ day of _____, 2010.


                              _____
                                             Signature


                              _____
                                       Name of person who prepared or
                                       helped prepare this document

7