**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RODERICK SAWYER, ) | 3:10-cv-00088-ECR (WGC) |
| ) | |
| Plaintiff, ) | **REPORT & RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| MORROW COLE, et. al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendants' Partial 12(B) Motion to Dismiss for Failure to Exhaust Administrative Remedies. (Doc. # 39.)[1] Plaintiff opposed (Doc. # 45) and Defendants replied (Doc. # 46). Pursuant to the court's Order (Doc. # 47), Defendants supplemented their motion. (*See* Doc. # 50.) After a thorough review, the court recommends that Defendants' motion be granted.

**I. BACKGROUND**

At all relevant times, Plaintiff Roderick Sawyer (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Sec. Am. Compl. (Doc. # 35) at 1.) The events giving rise to this action took place while Plaintiff was housed at High Desert State Prison (HDSP). (*Id*.) Plaintiff, a *pro se* prisoner, brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) Defendants are Greg Cox, Jordana Evangelista, Genesa Garcia, Duane Graham, James Harpel, John Kotronakis, Cole Morrow,

---

[1] Refers to court's docket number.

and Clifton Smith. (*Id*. at 2-3.)

Plaintiff alleges that he was exposed to extremely unsanitary conditions in his cell during an extended period of time from at least May 2009 through January 2010. (Doc. # 35 at 4.) Plaintiff asserts that the unsanitary conditions stemmed, in part, from a toilet that would flush only once every thirty (30) minutes. (*Id*. at 5, 13.) He claims that despite repeated requests, he was denied cleaning supplies to use to clean his cell. (*Id*. at 4, 6, 9, 10, 11.) He alleges the unsanitary conditions resulted in the growth of mold, bacteria, and fungus in his cell, which in turn caused him to develop a respiratory illness. (*Id*. at 5.) The illness caused, among other things, vomiting, disorientation, dizziness, shortness of breath and body aches. (*Id*. at 6-7.) Plaintiff also asserts that prison employees served him food through an unsanitized food slot. (*Id*. at 9) Plaintiff claims that his dirty clothes and a dirty plunger passed through the food slot prior to his food being served through the food slot. (*Id*. at 9, 11, 13) Plaintiff also alleges that his cell was infested with bugs. (*Id*. at 9.) Additionally, Plaintiff claims he was forced to endure freezing temperatures in his cell during the winter months because Defendants would turn off the heat in his unit and would not provide him proper clothing to keep warm. (*Id*. at 5, 10.) Finally, Plaintiff alleges he received inadequate medical care to treat the prescribed ailments he suffered as a result of the conditions in his cell. (*Id*. at 7-8, 13, 14.)

On screening, the court found Plaintiff states a colorable claim under the Eighth Amendment based on his allegations that he was subjected to unsanitary conditions and freezing temperatures, as well as a claim under the Eighth Amendment based on inadequate medical care. (Doc. # 37 at 4-5.)

Defendants now move to partially dismiss Plaintiff's Second Amended Complaint on the ground that Plaintiff failed to properly exhaust available administrative remedies with respect to the following allegations: (1) inadequate medical care; (2) infestation of bugs in his cell; (3) inability to flush the toilet more often than once every thirty (30) minutes; (4) freezing cell; and (5) unsanitary receipt of food through the food slot. (Doc. # 37 at 4-7.) Defendants do not dispute that Plaintiff properly exhausted his administrative remedies with respect to his claim that he was denied cleaning supplies to clean the alleged mold, fungus, and bacteria from his cell. (Doc. # 39 at 4.)

1  Plaintiff, on the other hand, argues that he did properly exhaust his inadequate medical care
2  claim and his claim that he was unable to flush the toilet more than once every thirty (30) minutes.[2]
3  (Doc. # 45 at 4.) Plaintiff concedes that he failed to properly exhaust his administrative remedies as
4  to the alleged infestation of bugs in his cell, the freezing cell, and the alleged unsanitary receipt of
5  food. (Doc. # 45 at 4.)

## II.  LEGAL STANDARD

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003). Failure to exhaust administrative remedies is an affirmative defense that Defendants bear the burden of raising and proving. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

---

[2] Plaintiff also takes issue with the fact that Defendants did not submit authenticated copies of his actual grievances. (Doc. # 45 at 3.) This argument is moot in light of Defendants' filing their supplement which contains authenticated copies of the relevant grievance documentation. (Doc. # 50.)

For prisoners within the NDOC system, exhaustion of administrative remedies requires compliance with the inmate grievance procedure set forth in NDOC Administrative Regulation (AR) 740. (Doc. # 39 at 3, Doc. # 39-1 (Ex. A).) The administrative process consists of submitting to prison staff: (1) an informal level grievance; (2) a first level grievance appealing the informal grievance decision; and (3) a second level grievance appealing the first level grievance decision. (Doc. # 39 at 3, Doc. # 39-1 (Ex. A) at 14.)

An inmate who is dissatisfied with the response to a grievance at any level may appeal the grievance to the next level. (Doc. # 39-1 (Ex. A) at 15.) All documentation and factual allegations available to the inmate must be submitted at the informal level. (*Id.* at 18.) If the inmate disagrees with the informal level response, the inmate shall appeal using a first level grievance form providing a signed, sworn declaration setting forth the specific facts that form the basis for the claim that the informal response is not correct. (*Id.* at 20.) In the event the inmate disagrees with the response to the first level grievance, the inmate is instructed to file a second level grievance providing any additional relevant documentation not already maintained in the inmate's first level grievance form. (*Id.* at 21.)

### III. DISCUSSION

Plaintiff concedes that he failed to exhaust his administrative remedies with respect to the following allegations: (1) infestation of bugs in his cell; (2) freezing cell; and (3) unsanitary receipt of food. (Doc. # 45 at 4.) Therefore, Defendants' motion should be granted with respect to these claims.

The court must now analyze whether Plaintiff properly exhausted his administrative remedies with respect to his inadequate medical care claim and his claim that he was unable to flush the toilet more than once every thirty (30) minutes. (*See id.*) Again, Defendants do not dispute that Plaintiff properly exhausted with respect to his claim that he was denied cleaning supplies to clean the alleged mold, fungus, and bacteria from his cell. (Doc. # 39 at 4.)

Before reaching that analysis, the court points out the continuing problem with defense counsel merely filing the NOTIS report in place of the actual relevant grievance documentation to support an unenumerated motion to dismiss for failure to exhaust administrative remedies. In this case, Defendants concede that there was a disparity between the NOTIS report and the actual grievance

4

documentation. (*See* Doc. # 46 at 3 n. 1.) This is precisely the issue that the court has raised with defense counsel in various other cases. In the future, the court urges defense counsel to file both the authenticated NOTIS report and the relevant grievance documentation in support of an unenumerated motion to dismiss for failure to exhaust administrative remedies.

**A. INADEQUATE MEDICAL CARE**

Plaintiff alleges that he was not thoroughly examined by an NDOC medical professional when he sought treatment for an illness in June 2009. (Doc. # 35 at 7-8, 14.) He also asserts that he was prescribed incorrect medication and that his requests for follow-up medical care were ignored. (*Id*.)

Defendants argue that the only grievance mentioning medical care, informal level grievance 2006-28-74791, merely describes Plaintiff's medical condition, but does not complain that the treatment he was receiving was inadequate. (Doc. # 39 at 5.)

Plaintiff argues that he described his medical condition as a result of his unhealthy living conditions, and stated that he was denied adequate medical treatment. (Doc. # 45 at 4.)

In his informal level grievance (grievance number 2006-28-74791), Plaintiff stated that he felt sick and vomited when he was in his unsanitary cell. (Doc. # 50-1 at 6-7.) He also stated that he told the doctor that he had been vomiting up his meals due to his unhealthy living conditions. (*Id*. at 7.)

In the first level of grievance, Plaintiff stated that his unhealthy living conditions made him vomit up his meals. (Doc. # 50-1 at 9.) He also indicated that he had seen a doctor regarding this matter and was told that the doctor could not do anything for him, and he would have to take the issue up with the unit officers. (*Id*.)

In the second level grievance, Plaintiff stated that the "lack of HDSP staff has been inadequate to professional health care" and has failed to provide sanitized living conditions. (Doc. # 50-1 at 14.) He also stated that he was denied adequate medical treatment, after visiting the doctor about this situation. (*Id*.)

To "properly" exhaust, Plaintiff is required to use all steps the agency holds out and do so *properly*. *See Woodford*, 548 U.S. at 89 (citation omitted). Here, the issue is whether Plaintiff's mention of his medical issues in the informal and first level grievance put Defendants on notice of a claim for denial of adequate medical care. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)**.**

5

"[A] prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement." *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). If a "prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Id*. (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Therefore, "[a] grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Id*. "The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id*. (citation omitted). The grievance should "provide enough information...to allow prison officials to take appropriate responsive measures." *Id*. at 1121 (internal quotation marks and citation omitted).

Under AR 740, an inmate is required to provide *all available factual allegations* in the informal level grievance. (Doc. # 39-1 at 18.) Similarly, the first level grievance must set forth the *specific facts* that form the basis for the claim that the informal response is not correct. (*Id*. at 20.) While AR 740 provides a generic instruction to provide all available, specific facts in the informal and first level grievances, it does not expound on what factual specificity is required to properly exhaust administrative remedies.

The court finds that under AR 740 and *Griffin*, Plaintiff did not provide factual allegations in the informal and first level grievances that were specific enough to put Defendants on notice that he was claiming a denial of adequate medical care. Defendants are correct that what Plaintiff complained of was his medical condition, *i.e.*, that he was vomiting up his meals as a result of his alleged unsanitary living conditions. (*See* Doc. # 50-1 at 9-12.) Plaintiff did not provide specific details regarding the denial or delay of medical treatment so that Defendants could have taken appropriate measures upon receipt of the informal and first level grievances. Accordingly, Defendants' motion should be granted as to Plaintiff's inadequate medical care claim.

**B. TOILET FLUSHING**

Plaintiff alleges that his Eighth Amendment rights have been violated related to his conditions of confinement, in part because his toilet would not flush more than once every thirty (30) minutes.

6

1   (Doc. # 35 at 5-7, 13.)

2   Defendants concede that Plaintiff raised this issue in his informal level grievance (grievance number 2006-28-74791), but argue that he abandoned his grievance as to the toilet issue because it was not raised in his first or second level grievances. (Doc. # 39 at 6.)

Plaintiff concedes that he did not include the allegation of the toilet flushing past the informal level grievance, but argues that this does not mean he abandoned this issue. (Doc. # 45 at 5.) Plaintiff appears to argue that the first and second level grievances automatically relate to the issues raised in the informal level grievance. (*Id*. at 5-6.)

At the informal level, Plaintiff stated that his toilet did not flush more than once every thirty (30) minutes. (Doc. # 50-1 at 7.)

In the first level grievance, Plaintiff discussed the unhealthy conditions he was forced to live in, but did not specifically mention the toilet issue. (Doc. # 50-1 at 8-9.) Likewise, Plaintiff makes no mention of the toilet issue in the second level grievance. (*See* Doc. # 50-1 at 14-15.)

As stated above, "proper exhaustion" requires "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 89 (citation omitted) (emphasis in original). Pursuant to AR 740, a first level grievance was required to set forth the *specific facts* that form the basis for the claim that the informal response is not correct. (Doc. # 39-1 at 20.) Plaintiff made no mention of the toilet issue in his first level grievance. Accordingly, the court finds that Plaintiff has failed to properly exhaust his administrative remedies pursuant to AR 740 with respect to his claim that the toilet would not flush once more than every thirty (30) minutes. (*Id*.) Defendants' motion should be granted as to this claim.

Therefore, Plaintiff's only remaining claim is that he was denied cleaning supplies to clean the alleged mold, fungus, and bacteria from his cell.

### IV.  RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Partial Motion to Dismiss. (Doc. # 39.) Therefore, the following claims should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available administrative remedies: (1) infestation of bugs in his cell; (2) freezing cell; (3) unsanitary receipt of food; (4) inadequate medical

7

care; and (5) toilet flushing not more than once every thirty (30) minutes.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: January 18, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE